IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY L. HOLMES, and<br>CHARLENA M. HOLMES, | ) <br> ) <br> ) | 8:10CV380 |
| Plaintiffs, | ) <br> ) <br> ) | **MEMORANDUM** <br> **AND ORDER** |
| v. | ) <br> ) | |
| NEBRASKA STATE PATROL, et al., | ) <br> ) <br> ) | |
| Defendants. | ) | |

Plaintiffs filed a Complaint in this matter on October 6, 2010. (Filing No. 1.) The court granted Plaintiff Tracy L. Holmes ("Holmes") leave to proceed in forma pauperis on November 16, 2010. (Filing No. 11.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

As a preliminary matter, however, the court addresses Plaintiff Charlena M. Holmes's failure to comply with the court's November 16, 2010, Memorandum and Order, which required her to either pay the court's $350.00 filing fee or submit a request for leave to proceed in forma pauperis. (Filing No. 12.) The court warned Ms. Holmes that failure to comply with the court's Memorandum and Order would result in dismissal of this matter as to her without further notice. (*Id.* at CM/ECF p. 2.) Ms. Holmes has not paid the filing fee or submitted a request for leave to proceed in forma pauperis. Accordingly, the court will dismiss this matter without prejudice as to Ms. Holmes.

## I. SUMMARY OF COMPLAINT

Holmes filed this matter on October 6, 2010, against the Nebraska State Patrol, the Nebraska Attorney General's Office, the Nebraska Secretary of State's Office, and the Douglas County Sheriff's Office. Liberally construed, Holmes alleges the amendments to Nebraska's Sex Offender Registration Act ("SORA") that became effective January 1, 2010, are unconstitutional. (Filing No. 1 at CM/ECF pp. 3-4.)

Holmes alleges he was convicted of "dating a minor" in 1997 and was sentenced to 18 months of probation and was required to register as a sex offender for a period of 10 years. (*Id.* at CM/ECF p. 3.) Although somewhat unclear, it appears that Holmes alleges he completed his probation and 10-year registration requirement but, under the recent SORA amendments, he must now register as a sex offender for life. (*Id.*) Holmes alleges that requiring him to register as a sex offender for life violates his civil rights. (*Id.*) Holmes seeks injunctive and declaratory relief. (*Id.* at CM/ECF pp. 2, 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Holmes alleges that SORA, as amended, violates the Ex Post Facto Clause of Article I, § 10, and the Fifth Amendment's Double Jeopardy Clause. Specifically, Holmes challenges the new provisions that will require him to register as a sex offender for life.[1] (Filing No. 1 at CM/ECF pp. 2-3.)

This court recently considered the constitutionality of the SORA amendments on a Motion for Summary Judgment in Case Number 8:09CV456. (Case No. 8:09CV456, Filing No. 354.) The court found that three sections of Nebraska's new law—Neb. Rev. Stat. §§ 29-4006(1)(k)&(s), 29-4006(2), and 28-322.05—are either unconstitutional or a trial is required to determine their constitutionality. (Case No. 8:09CV456, Filing No. 354 at CM/ECF pp 9-10. ) The court found all other sections

---

[1] SORA Section 29-4005, as amended, alters a registrant's registration duration. *See* Nebraska Laws 2009, LB 285, § 6. Under the prior Act, the standard registration period was 10 years following discharge from probation, parole, supervised release, or incarceration. (*Id.*) However, individuals who had committed aggravated offenses, had prior convictions for registrable offenses, were required to register for life in another jurisdiction, or who were determined to be sexually violent predators were required to register for life. (*Id.*) Under the new Act, a registration period is determined based on the possible punishment for the underlying conviction. (*Id.*)

3

of SORA constitutional, including Section 29-4005, which appears to be the section at issue here.

Notwithstanding this, the court will give Holmes the opportunity to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants. Here, it appears that Holmes is alleging that SORA, as amended, violates the Ex Post Facto and Due Process Clauses as applied to individuals who completed their sentences and registration requirements prior to January 1, 2010. However, it is unclear from the face of the Complaint whether Holmes had completed his required registration period prior to January 1, 2010. Thus, on its own motion, the court will give Holmes until February 3, 2011, to amend his Complaint to specify the date he was convicted of a sexual offense, the date he completed his period of probation, and the date he completed his 10-year registration period. Holmes's amended complaint must restate the allegations of his prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Holmes fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IV. PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Plaintiff seeks the appointment of counsel. ( Filing No. 6 . ) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott* , 94 F.3d 444, 447 (8th Cir. 1996) , the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* Such a showing has not been made here. The request for the appointment of counsel is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice as to Charlena M. Holmes.

2. Plaintiff shall have until **February 3, 2011**, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on February 3, 2011.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

6. Plaintiff's Motions for Summons (filing nos. 9 and 10) are denied without prejudice to reassertion until after Plaintiff amends his Complaint to state a claim upon which relief may be granted.

7. Plaintiff's Motion to Appoint Counsel (filing no. 6) is denied without prejudice.

DATED this 4th day of January, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.