IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY L. HOLMES, | ) | 8:10CV380 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE PATROL | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On January 4, 2011, the court entered a Memorandum and Order that gave Plaintiff until February 3, 2011, to amend his Complaint in order to clearly state a claim upon which relief may be granted against Defendants. (Filing No. 14.) In the January 4, 2011, Memorandum and Order, the court noted that it appeared Plaintiff was alleging that Nebraska's amended Sex Offender Registration Act violates the Ex Post Facto and Due Process Clauses as applied to individuals who completed their sentences and registration requirements prior to January 1, 2010. (*Id.* at CM/ECF p. 2.) However, it was unclear from the face of Plaintiff's Complaint whether he had completed his required registration period prior to January 1, 2010. (*Id.*) On January 24, 2011, Plaintiff filed a letter, which the court liberally construes as an Amended Complaint, in which Plaintiff, liberally construed, alleged that he had completed his required registration period prior to January 1, 2010.[1] (*See* Filing No. 15 at CM/ECF p. 1.)

The court has carefully reviewed Plaintiff's Complaint and Amended Complaint and finds that service on Defendants is now warranted. Although the court

---

[1] In accordance with NECivR 15.1(b), the court considers Plaintiff's amended complaint as supplemental to the original Complaint.

finds that Plaintiff's claims may proceed against Defendants, the court cautions Plaintiff that this is only a preliminary determination based solely on the allegations of the Complaint and Amended Complaint, and it is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR summons forms and FOUR USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint and Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons, Complaint, and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to [Federal Rule of Civil Procedure 4](#) and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint and Amended Complaint, and Plaintiff does not need to do so.

3. [Federal Rule of Civil Procedure 4](#) requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this

matter without further notice as to such defendant. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

5. The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "June 16, 2011: Check for completion of service of summons."

6. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 16th day of February, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.